UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANGELO S. WILLIAMS,

        Petitioner,

                            CASE NO. 2:11-CV-15163

v.                          JUDGE DAVID M. LAWSON

                          MAGISTRATE JUDGE PAUL J. KOMIVES

WILLIE SMITH,

        Respondent.

_____/


## REPORT AND RECOMMENDATION

*Table of Contents*

I.     RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
II.    REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    A.   *Procedural History* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    B.   *Factual Background Underlying Petitioner's Conviction* . . . . . . . . . . . . . . . . . . . . . . . . 3
    C.   *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    D.   *Sufficiency of the Evidence (Claim I)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
         1.     *Clearly Established Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
         2.     *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    E.   *Jury Instructions (Claims II & III)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
         1.     *Clearly Established Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
         2.     *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
              a.  Supplemental Instruction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
              b.  Lesser Offense Instruction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
    F.   *Lack of Arraignment (Claim IV)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
    G.   *Sentencing Guidelines (Claim V)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
    H.   *Recommendation Regarding Certificate of Appealability* . . . . . . . . . . . . . . . . . . . . . . . 18
         1.     *Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
         2.     *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
    I.   *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
III.   NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

\*      \*      \*      \*      \*


I.     RECOMMENDATION: The Court should deny petitioner's application for the writ of

habeas corpus and should deny petitioner a certificate of appealability.


II.    REPORT:


A.    *Procedural History*

1.     Petitioner Angelo S. Williams is a state prisoner, currently confined at the Carson City Correctional Facility in Carson City, Michigan.

2.     On November 9, 2009, petitioner was convicted of conducting a criminal enterprise (racketeering), MICH. COMP. LAWS § 750.159i(1); four counts of false pretenses over $20,000, MICH. COMP. LAWS § 750.218(5)(a), and making a false income tax return, MICH. COMP. LAWS § 205.27(1)(c), following a jury trial in the Jackson County Circuit Court.  On December 17, 2009, he was sentenced as a third habitual offender, MICH. COMP. LAWS § 769.11, to concurrent terms of 8-40 years' imprisonment on the criminal enterprise conviction, 8-20 years' imprisonment on each false pretenses conviction, and 3-10 years' imprisonment on the income tax conviction.

3.     Petitioner appealed as of right to the Michigan Court of Appeals raising, through counsel, the following claims:

I.     DUE PROCESS REQUIRES PROXIMATE CAUSATION AND THE FALSE PRETENSES STATUTE ADDITIONALLY REQUIRES A LOSS TO THE VICTIM OF A SPECIFIED DOLLAR VALUE.  IN THIS CASE, THE PURPORTED VICTIMS TESTIFIED THAT THEY SUFFERED NO FINANCIAL LOSS AT ALL IN THE TRANSACTION, AND THE TRIAL COURT, IN DENYING A DIRECTED VERDICT, RELIED ON A GENERALIZED DETRIMENTAL RELIANCE AND "FRAUD ON THE MARKETPLACE" THEORY.  WHERE THERE WAS NO PROOF OF LOSS, NO PROOF OF THE REQUIRED DOLLAR VALUE OF LOSS, AND NO PROOF OF PROXIMATE CAUSATION, THE EVIDENCE AS CONSTITUTIONALLY INSUFFICIENT TO SUSTAIN THE CONVICTIONS FOR FALSE PRETENSES AND CONDUCTING A CRIMINAL ENTERPRISE.

II.    DEFENDANT IS ENTITLED TO A NEW TRIAL BECAUSE THE TRIAL COURT, IN RESPONSE TO A JURY QUESTION ABOUT THE ABSENCE OF A VICTIM IN THE CASE, GAVE AN ERRONEOUS SUPPLEMENTAL INSTRUCTION THAT MISSTATED THE LAW AND TENDED TO DIRECT A VERDICT OF GUILTY, CONTRARY TO DEFENDANT'S DUE PROCESS AND SIXTH AMENDMENT RIGHTS.

III.   THE  TRIAL  COURT  REVERSIBLY  ERRED  BY  DENYING

2

DEFENDANT'S REQUEST FOR INSTRUCTION ON THE LESSER INCLUDED OFFENSE OF FALSE PRETENSE UNDER TWO HUNDRED DOLLARS.

IV.     DEFENDANT IS ENTITLED TO REVERSAL OF HIS CONVICTION WHERE HE WAS NOT ARRAIGNED ON THE INFORMATION AS PART OF A SYSTEM-WIDE PROCEDURE IN JACKSON COUNTY THAT HAS ELIMINATED CIRCUIT COURT ARRAIGNMENTS.

V.      DEFENDANT IS ENTITLED TO RESENTENCING BECAUSE OV 9 AND OV 16 WERE MIS-SCORED WHERE THERE WERE NO IDENTIFIABLE VICTIMS AND NO LOSS.

The court of appeals found no merit to petitioner's claims, and affirmed his convictions and sentences. *See People v. Williams*, No. 296211, 2011 WL 2586291 (Mich. Ct. App. June 30, 2011) (per curiam).

4.      Petitioner sought leave to appeal these issues to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Williams*, 490 Mich. 895, 804 N.W.2d 336 (2011).

5.      Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on November 22, 2011. As grounds for the writ of habeas corpus, he raises the five claims that he raised in the state courts.

6.      Respondent filed his answer on May 23, 2012. He contends that petitioner's claims are without merit or are not cognizable on habeas review.

7.      Petitioner, now proceeding through counsel, filed a reply to respondent's answer on July 7, 2012.

B.      *Factual Background Underlying Petitioner's Conviction*

Petitioner's convictions arise from a mortgage fraud scheme conducted with his codefendant, Teresa Wilson. Petitioner and Wilson were tried together. The facts were briefly summarized by

3

the Michigan Court of Appeals:

> Defendants' convictions arose as a result of a mortgage fraud scheme they conducted in the Jackson area. At trial, the prosecution presented evidence related to three home sales in which defendant Williams acquired ownership of the home, placed a fraudulent construction lien on the property, then sold the home to a third party at an inflated price while arranging for financing of the property at the inflated price. The prosecution also presented evidence related to a fourth home sale where defendant Williams was not directly involved with the buyer and seller, but had directed the transaction and obtained money from the sale. Defendant Williams's involvement in the foregoing mortgage fraud scheme served as the basis for his conviction for conducting a criminal enterprise. In addition, the prosecution presented evidence that defendant Williams had provided false information on his state tax return which resulted in his obtaining a tax refund in error.

*Williams*, 2011 WL 2586291, at *1. The evidence is more fully detailed in petitioner's brief filed

in the Michigan Court of Appeals. *See* Def.-Appellant's Br. on App., in *People v. Williams*, No.

296211 (Mich. Ct. App.), at 4-17.

C.    *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by

the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No.

104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).

Amongst other amendments, the AEDPA amended the substantive standards for granting habeas

relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409. As the Supreme Court has explained, the standard for relief under § 2254(d) "is difficult to meet, [and] that is because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). As the Court explained, "[s]ection 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in the judgment)). Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification

that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412). The relevant "clearly established law" is the law that existed at the time of the last state court decision to issue a reasoned decision on the claim, *see Greene v. Fisher*, 132 S. Ct. 38, 44-45 (2011), and in evaluating the reasonableness of that decision a federal habeas court is limited to the record that was before the state court at the time of its decision, *see Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-99 (2011).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's

resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.      *Sufficiency of the Evidence (Claim I)*

In his first claim, petitioner contends that the prosecution presented insufficient evidence to prove his guilt beyond a reasonable doubt. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

1.      *Clearly Established Law*

The Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship*, 397 U.S. 358, 364 (1970). Under the pre-AEDPA standard for habeas review of sufficiency of the evidence challenges, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Reviewing courts must view the evidence, draw inferences and resolve conflicting inferences from the record in favor of the prosecution. "[I]t is the responsibility of the jury–not the court–to decide what conclusions should be drawn from the evidence admitted at trial." *Cavazos v. Smith*, 565 U.S. 1, ___, 132 S. Ct. 2, 4 (2011) (per curiam). The *Jackson* standard "leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors 'draw reasonable inferences from basic facts to ultimate facts.'" *Coleman v. Johnson*, 132 S. Ct. 2060, 2064 (2012) (per curiam) (quoting *Jackson*, 443 U.S. at 319). Likewise, a reviewing court "do[es] not make

credibility determinations in evaluating the sufficiency of the evidence." *United State v. Owusu*, 199 F.3d 329, 344 (6th Cir. 2000); *see also*, *United States v. Bailey*, 444 U.S. 394, 424-25 (1980) ("It is for [jurors] and not for appellate courts to say that a particular witness spoke the truth or fabricated a cock-and-bull story."). It is the job of the jury, not this Court sitting on habeas review, to resolve conflicts in the evidence, and this Court must presume that the jury resolved those conflicts in favor of the prosecution. *See Jackson*, 443 U.S. at 326. As the Court has explained, "the only question under *Jackson* is whether [the jury's finding] was so insupportable as to fall below the threshold of bare rationality." *Coleman*, 132 S. Ct. at 2065. Under the amended version of § 2254(d)(1) a federal habeas court's review is "twice-deferential." *Parker v. Matthews*, 132 S. Ct. 2148, 2152 (2012) (per curiam). A state court's decision that the evidence satisfied the deferential *Jackson* standard is itself "entitled to considerable deference under AEDPA." *Coleman*, 132 S. Ct. at 2065; *see also*, *Cavazos*, 132 S. Ct. at 4.

While a challenge to the sufficiency of the evidence on an established element of an offense raises a federal constitutional claim cognizable in a habeas corpus proceeding, "[t]he applicability of the reasonable doubt standard . . . has always been dependent on how a State defines the offense that is charged in any given case." *Patterson v. New York*, 432 U.S. 197, 211 n.12 (1977); *see also*, *Jackson*, 443 U.S. at 324 n.16; *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Thus, "under *Jackson*, federal courts must look to state law for 'the substantive elements of the criminal offense,' but the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law." *Coleman*, 132 S. Ct. at 2064 (citation omitted) (quoting *Jackson*, 443 U.S. at 324 n.16). Petitioner primarily challenges his convictions on the four counts of false pretenses over $20,000. The relevant statute provides:

(1) A person who, with the intent to defraud or cheat makes or uses a false pretense to do 1 or more of the following is guilty of a crime punishable as provided in this section:

(a) Cause a person to grant, convey, assign, demise, lease, or mortgage land or an interest in land.

(b) Obtain a person's signature on a forged written instrument.

(c) Obtain from a person any money or personal property or the use of any instrument, facility, article, or other valuable thing or service.

(d) By means of a false weight or measure obtain a larger amount or quantity of property than was bargained for.

(e) By means of a false weight or measure sell or dispose of a smaller amount or quantity of property than was bargained for.

MICH. COMP. LAWS § 750.218(1). The statute, as relevant here, goes on to provide an enhanced penalty if "[t]he land, interest in land, money, personal property, use of the instrument, facility, article, or valuable thing, service, larger amount obtained, or smaller amount sold or disposed of has a value of $20,000.00 or more but less than $50,000.00." *Id*. § 750.218(5)(a). "'The crime of larceny by false pretenses requires (1) a false representation as to an existing fact, (2) knowledge by the defendant of the falsity of the representation, (3) use of the false representation with an intent to deceive, and (4) detrimental reliance by the victim on the false representation.'" *People v. Webbs*, 263 Mich. App. 531, 532 n.1, 689 N.W.2d 163, 164 n.1 (2004) (quoting *People v. Flaherty*, 165 Mich. App. 113, 119, 418 N.W.2d 695, 697 (1987)).[1]

2.    *Analysis*

Petitioner argues that the prosecution failed to prove his guilt beyond a reasonable doubt because the prosecution did not present proof of (1) an identifiable victim, (2) proximate causation, and (3) loss. Petitioner argues that because the lenders testified that they suffered no loss at the time

---

[1]Petitioner also challenges the sufficiency of the evidence with respect to the racketeering charge. With respect to that charge, he argues that because there was insufficient evidence for the false pretenses charges, they cannot serve as predicate acts for the racketeering charge. Thus, his challenge to the racketeering charge is derivative of, and rises or falls with, his challenge to the false pretenses charges.

the loans were made, and because none of the property owners testified to a loss, the prosecution

failed to establish that any identifiable victim suffered a loss of between $20,000 and $50,000 as a

result of the scheme. The Michigan Court of Appeals rejected petitioner's claim, essentially

concluding that the statute does not require proof of an actual loss. The court explained:

> The evidence presented at trial established that the lending institutions made loans in amounts in excess of the true value of the respective properties. In addition, the lenders' representatives testified that that the loans would not have been made if accurate information had been provided on the loan applications. Moreover, there was evidence that several persons involved in these fraudulent transactions benefitted financially as a result of these loans. A wire transfer of substantial value was transferred into defendant Williams's bank account and defendant Wilson received over one thousand dollars from defendant Williams. Thus, if the jury accepted the lenders' testimony, at the moment the loans were funded the lenders had detrimentally relied on a false representation, thereby constituting the fourth element. The jury's verdict indicates that it did accept the lenders' testimony. In our view, the evidence more than adequately established the fourth element of "detrimental reliance on [a] false representation." Even if the lenders were subsequently "made whole" by subsequent transfers of the mortgages, this does not eliminate the fact that the lenders would not have made the loans in the first place absent the false representations on the part of defendants. We find it illogical to argue that there is no loss here simply because the defrauded lenders later sold the fraudulent loans before the discrepancies were discovered. In addition, a number of witnesses testified that the institutions suffered the possibility of the reversal of the subsequent transactions and the possibility of sustaining actual loss due to the fraudulent representations. Therefore, defendant's contention that the course of events actually made the lenders whole because they subsequently transferred the mortgages is incorrect.

*Williams*, 2011 WL 2586291, at *2. The court further concluded that "the language of the false

pretenses statute does not support defendants' argument." *Id*. at *3. Rather, the court concluded,

"there is nothing in the statute that requires a *permanent* deprivation." *Id*. (emphasis in original).

As noted above, "[t]he applicability of the reasonable doubt standard . . . has always been

dependent on how a State defines the offense that is charged in any given case." *Patterson*, 432 U.S.

at 211 n.12; *see also*, *Jackson*, 443 U.S. at 324 n.16; *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975).

Thus, "[w]hich acts constitute the elements of a state crime is a question generally answerable only by the state legislature and state courts." *Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2d Cir. 2002) (citing *Mullaney*, 421 U.S. at 691 ("This Court ... repeatedly has held that state courts are the ultimate expositors of state law . . . .")). "'What is essential to establish an element, like the question whether a given element is necessary, is a question of state law.'" *Sanford v. Yukins*, 288 F.3d 855, 861 (6th Cir. 2002) (quoting *Bates v. McCaughtry*, 934 F.2d 99, 103 (7th Cir. 1991). As the Second Circuit explained, "*Winship* does not invite federal habeas courts to engage in a substantive analysis of state statutory terms. Our federal constitution does not dictate to the state courts precisely how to interpret their own criminal statutes." *Id*. In *Sanford* the Sixth Circuit explained, in language worthy of complete quotation here:

> "*Jackson* establishes that states must act on the basis of sufficient evidence. The principle seems unproblematic: it is barbaric to imprison persons who no reasonable juror could think had committed a crime. Implementing *Jackson* is not so easy as stating its principle, however. Judgments represent the application of law to fact. Evidence can be "insufficient" only in relation to a rule of law requiring more or different evidence. When a state court enters or affirms a conviction, it is saying that the evidence satisfies the legal norms. These norms are for the state to select. State law means what state courts say it means. A claim that the state court misunderstood the substantive requirements of state law does not present a claim under § 2254. "A federal court may not issue the writ on the basis of a perceived error of state law." The difference between unreviewable legal interpretations and factual claims open under *Jackson* establishes a formidable problem of implementation.
>
> Consider four situations in which a defendant might say that the evidence is insufficient:
>
> (1) State law defines the combination of elements X, Y, and Z as criminal. (Perhaps X is killing, Y is intent to kill, and Z is lack of justification.) The prosecutor and the state courts concede that X, Y, and Z are elements of the crime and agree with the defendant on their meaning. Defendant contends that there is no basis on which the trier of fact could find Z. The state court disagrees and convicts.
>
> (2) Defendant believes that the combination of elements X, Y, and Z is an offense. The court disagrees, holding that the state need prove only X and Y. After a trial at which the prosecution introduces no evidence of Z, the court convicts the defendant.

11

(3) State law defines the combination of elements X, Y, and Z as criminal. Defendant believes that element Z can be satisfied only if the state establishes fact Z', but the state court disagrees. After a trial at which the prosecution introduces some evidence of Z but does not establish Z', the court convicts the defendant.

(4) State case law defines the combination of elements X, Y, and Z as criminal. The supreme court of the state concludes that this is an incorrect interpretation of the statute and that the prosecution need establish only X and Y. Circumstance Z, the court concludes, is an affirmative defense. After a trial at which the prosecution establishes only X and Y, the court convicts the defendant."

*Sanford*, 288 F.3d at 860-61 (quoting *Bates*, 934 F.2d at 102 (internal citations omitted)). Case (1) represents the typical *Jackson* claim, which is cognizable on habeas review. Case (2), however, presents a pure question of state law that is beyond the reach of a federal habeas court, while Case (3) likewise is merely a variant of Case (2). *See id.* at 861 (citing *Bates*, 934 F.2d at 102).

Petitioner's claim is essentially Case (3). He contends that the false pretenses statute, as applicable in his case, required proof that an identifiable victim suffered a permanent loss greater than $20,000. The Michigan Court of Appeals, in rejecting petitioner's claim, disagreed with his construction of the statute. And, indeed, a parsing of the statue supports the court of appeals's determination. Nothing in the general false pretenses statute, § 750.218(1), requires proof of loss; rather, all that is required is detrimental reliance, and petitioner does not argue that the prosecution failed to present proof of detrimental reliance. The enhancement provision likewise, by its terms, does not require proof of a loss of $20,000 to an identifiable victim. Rather, it only requires that the subject "land, interest in land, money, personal property, use of the instrument, facility, article, or valuable thing, service, larger amount obtained, or smaller amount sold or disposed of has a value of $20,000.00 or more but less than $50,000.00." *Id.* § 750.218(5)(a). Thus, for example, under the terms of the statute if petitioner obtained land by false pretenses, and the value of the land was $20,000 or more, the statute, is on its terms, satisfied. The language of the statute does not require

12

additionally that an identifiable victim have suffered a loss of $20,000.  While, in most cases, the value of the property (or, for example, the value of the "larger amount obtained") will be equal to a loss suffered by an identifiable victim, the statute does not require the latter, only the former.  And the court of appeals's construction of the statute thus represents a determination of state law that is not subject to challenge on habeas review.  As explained above,

> "What is essential to establish an element, like the question whether a given element is necessary, is a question of state law. To say that state law 'rightly understood' requires proof of Z', and that the evidence is insufficient because the prosecution failed to establish this, is to use *Jackson* as a back door to review of questions of substantive law. Whenever courts consider that possibility expressly[,] they reject claims that convictions should be reversed because state courts misunderstood or misapplied state law. An equally firm rebuff is appropriate when the same claim appears in *Jacksonian* guise."

*Sanford*, 288 F.3d at 861 (quoting *Bates*, 934 F.2d at 103).  Because the prosecution presented sufficient evidence to show that the value of the properties involved, or the value of the "larger amount obtained" by petitioner, exceeded $20,000, the prosecution presented sufficient evidence to establish the elements of the offenses.  The court of appeals's conclusion, based on its interpretation of the statute, that proof of loss was not required is not subject to challenge on habeas review.  Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

E.      *Jury Instructions (Claims II & III)*

Petitioner next raises two challenges to the jury instructions.  The Court should conclude that petitioner is not entitled to habeas relief on these claims.

1.      *Clearly Established Law*

It is well established that habeas corpus is not available to remedy a state court's error in the application of state law.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today, we

13

reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990) (a federal court on habeas review "ha[s] no authority to review a state's application of its own laws). Thus, in order for habeas corpus relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous or universally condemned; rather, taken as a whole, they must be so infirm that they rendered the entire trial fundamentally unfair. *See Estelle*, 502 U.S. at 72 (1991); *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977); *Wood v. Marshall*, 790 F.2d 548, 551-52 (6th Cir. 1986); *cf. United States v. Sheffey*, 57 F.3d 1419, 1429-30 (6th Cir. 1995) (standard of review for jury instructions challenged on direct criminal appeal). As the Supreme Court has noted, "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977). Further, court conducted habeas review should "also bear in mind [the Supreme Court's] previous admonition that we 'have defined the category of infractions that violate "fundamental fairness" very narrowly.'" *Estelle*, 502 U.S. at 72-73 (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)).

   2.   *Analysis*

### a. Supplemental Instruction

Petitioner first contends that the trial court erred in giving a supplemental instruction on the loss and victim issue. During deliberations, the jury sent a note to the court asking "whom in all this is identifiable as [the person] who lost, etc., seller, buyer, fund entity, or can 'this person' potentially be anyone [at] all." Over petitioner's objection, the trial court responded:

> I further instruct you that IF you find that a loan of money was made by the
> Mortgage lenders because they relied upon a false pretense intentionally made by the

14

defendant,

>     And

>     If you find that the loan of money would not have been made if the mortgage lenders had known that the information was false,

>     Then

>     You may find but are not required to find that such a loan constituted detrimental reliance by the Mortgage lenders for purpose of false pretenses and the Mortgage lenders who so relied upon the false pretense are victims of the false pretenses.

The Court should conclude that petitioner is not entitled to habeas relief on this claim, because he cannot show that this instruction misstated the law. As the court of appeals explained, petitioner's instructional error claim "is based on the assertion that a showing of permanent loss is required in order to sustain a conviction for false pretenses." *Williams*, 2011 WL 2589291, at *5. Because the court of appeals rejected that claim, the supplemental instruction did not misstate the law. And because the instruction did not misstate the law, petitioner cannot show that he was deprived of a fair trial by the giving of the instruction. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

### b. *Lesser Offense Instruction*

Petitioner also contends that he was denied a fair trial by the court's failure to give an instruction on the lesser included offense of false pretenses under $200. As with his other instructional error claim, this claim is derivative of petitioner's claim that the prosecutor was required to establish proof of an actual loss to an identifiable victim. Because that underlying argument was rejected by the Michigan Court of Appeals, he cannot show that he was entitled to the lesser offense instruction as a matter of state law. And in any event, petitioner cannot establish

15

entitlement to relief even if the instruction was required under state law.  Although the Eighth Amendment and the Due Process Clause require that a trial court instruct the jury on lesser included offenses in the context of a capital case, *see Beck v. Alabama*, 447 U.S. 625, 637-38 (1980) (trial court required to instruct *sua sponte* on lesser included offenses where the failure to do so would result in the jury being given an "all or nothing" choice of convicting on the capital charge or acquitting the defendant), "the Constitution does not requires a lesser-included offense instruction in non-capital cases."  *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001).  As the Sixth Circuit has noted, even where a lesser offense instruction is requested, the failure of a court to instruct on a lesser included or cognate offense in a non-capital case is generally "not an error of such magnitude to be cognizable in federal habeas corpus review." *Bagby v. Sowders*, 894 F.2d 792, 797 (6th Cir. 1990) (en banc); *see also*, *Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002).  At a minimum, there is no clearly established Supreme Court law which requires the giving of a requested lesser offense instruction in the non-capital context, as is required for habeas relief under § 2254(d)(1). *See Samu v. Elo*, 14 Fed. Appx. 477, 479 (6th Cir. 2001); *Kuroda v. Bell*, No. 2:07-CV-12310, 2007 WL 1657410, at *2 (E.D. Mich. June 7, 2007) (Cohn, J.); *Adams v. Smith*, 280 F. Supp. 2d 704, 717 (E.D. Mich. 2003) (Tarnow, J.).  Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

F.     *Lack of Arraignment (Claim IV)*

Petitioner next contends that he is entitled to habeas relief because he was not properly arraigned on the charges in circuit court.  This claim is not cognizable on habeas review.

Petitioner does not contend that he lacked notice of the charges against him, or that the information in his case was not sufficiently clear to either provide him with notice or provide a bar

16

against double jeopardy.  Rather, he contends only that he was not properly arraigned on the information under state law.  This claim provides no basis for habeas relief.  In *Garland v. Washington*, 232 U.S. 642 (1914), the Supreme Court explained that the "want of formal arraignment" does not, standing alone, "deprive[] the accused of any substantial right, or in any wise change[] the course of the trial to his disadvantage." *Id.* at 645.  Thus, under *Garland* "[a] failure to arraign warrants a reversal only if it causes prejudice or impairs a substantial right." *United States v. Williams*, 152 F.3d 294, 299 (4th Cir. 1998); *see also*, *Redwine v. Renico*, No. 01-CV-74802, 2002 WL 31245256, at *3 (E.D. Mich. Sept. 30, 2002) (Roberts, J.).  Reversal or habeas relief is available, therefore, only if "the accused has had insufficient 'notice of the accusation' and an inadequate 'opportunity to defend himself in the prosecution.'" *United States v. Boyd*, 792 F. Supp. 1083, 1099 (N.D. Ill. 1992) (quoting *Garland*, 232 U.S. at 645); *see also*, *United States v. Rogers*, 73 F.3d 774, 777 (8th Cir. 1996) ("Where a defendant has had sufficient notice of the charges against him and an adequate opportunity to defend himself at trial . . . an arraignment is not required."); *Redwine*, 2002 WL 31245256, at *3.

Here, petitioner does not argue that he did not have adequate notice of the charges against him or that he was denied an opportunity to defend himself at trial.  On the contrary, it is clear that petitioner was arraigned in the district court, and had a preliminary examination, and that he was well aware of the charges against him.  Thus, even if he was not properly arraigned under state law, petitioner cannot show that he was denied his constitutional right to due process of law so as to warrant habeas relief.  *See Redwine*, 2002 WL 31245256, at *3.  Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

G.    *Sentencing Guidelines (Claim V)*

Finally, petitioner contends that the sentencing guidelines were improperly scored.  This claim likewise is not cognizable on habeas review.  A habeas petitioner's claim that the trial court violated state law when sentencing him is not cognizable in habeas corpus proceedings. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987). Federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Petitioner's claim that the court improperly scored or departed from the guidelines range raises issues of state law that are not cognizable on habeas review. *See Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (Gadola, J.) (claim that sentencing court departed from Michigan sentencing guidelines presents an issue of state law only and is, thus, not cognizable in federal habeas review); *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999) (Cleland, J.) (same); *see also, Branan*, 851 F.2d at 1508 (claim that court misapplied state sentencing guidelines not cognizable on habeas review).  Thus, petitioner is not entitled to habeas relief on his claims relating to the trial court's scoring of, or departure from, the Michigan sentencing guidelines.

H.    *Recommendation Regarding Certificate of Appealability*

1.    *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1).  The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  As the Sixth Circuit has noted, this

18

language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue.  Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84.  Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable."  *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.  The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not

19

issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

> 2. *Analysis*

If the Court accepts my recommendation regarding the merits of petitioner's claims, the Court should also deny petitioner a certificate of appealability. Petitioner's sufficiency of the evidence claim is premised on his challenge to the Michigan Court of Appeals's determinations regarding the elements of the offense and the type of evidence necessary to sustain those elements. As such, his claim is a noncognizable challenge to the state court's interpretation of state law. Thus, the resolution of this claim is not reasonably debatable. For the same reason, the resolution of petitioner's instructional error claim that is dependent on his sufficiency of the evidence arguments is not reasonably debatable. Because the Constitution does not require a state court to instruct on lesser included offenses in non-capital criminal proceedings, the resolution of petitioner's second instructional error claim is not reasonably debatable. Finally, because it is clear that petitioner's arraignment and sentencing claims present issues of state law that are not cognizable on habeas review, the resolution of these claims is not reasonably debatable. Accordingly, the Court should deny petitioner a certificate of appealability.

I. *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny

petitioner's application for the writ of habeas corpus.  If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

III.	NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives_____
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 12/20/12

21

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on December 20, 2012.

s/Eddrey Butts
Case Manager